**KOSTECKI, d. b. a. BILL'S BAR, Appellant, v. BOARD OF LIQUOR CONTROL, etc., Appellee.**

Common Pleas Court, Franklin County.

No. 195143.   Decided November 9, 1956.

142

John T. Feighan, Cleveland, for appellant.

Hon. C. William O'Neill, S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

BOARD OF LIQUOR CONTROL ORDER (SUSPENDING APPELLANT'S D-5 PERMIT), REVERSED.

This is an appeal under §119.12 R. C., seeking a reversal of an order of the Board of Liquor Control, suspending appellant's D-5 permit.

There was no direct evidence submitted at the hearing before the Board as to a sale of intoxicating liquor. The permit holder testified only 3.2 beer was sold on the day in question, which was stipulated and agreed to be special election day in Cleveland. The only other witnesses were two Cleveland police officers. They admitted they saw no sales made. They testified there were nine patrons at the bar, but no beverages were consumed in their presence.

The corpus delicti of the alleged offense was not established. The permit holder should not be required to answer a complaint against him, in the absence of evidence sufficient to establish the corpus delicti, 12 O. Jur. Sec. 295, p. 300.

The officers were permitted to testify as to what the Appellant said, a substantial part of which was expressly denied by the appellant, permit holder. Extra Judicial confessions are not competent to prove the body of the offense. 12 O. Jur. Sec. 341, p. 448.

An alleged exhibit "F" was offered in evidence, without any identification whatever, in fact even counsel for the Department of Liquor Control never referred to this exhibit, except to offer it in evidence along with other exhibits. Exhibit "F" purports to be an affidavit by one Howard C. Prisk, "Chief Chemist" being his only identification, on a form with the heading "Department of Liquor Control." The form affidavit shows the specimens in question were received, 2-24-56, yet the record shows the officers raided the permit premises, on 2-7-56 and then took the specimens directly that day to the City Chemist at the City Hall in Cleveland. There is no evidence even that Howard C. Prisk was the City Chemist to whom the officers delivered the specimens.

Sec. 2319.03 R. C. (§11523 GC), expressly provides in what cases, such an affidavit may be used. Gibberman, in re (Fed) 28 L. R. 215, 219; and certainly this hearing before the Board of Liquor Control on a complaint charging a violation of the liquor laws does not fall within the orbit permitting the use of such an affidavit.

**Section 10, Article I of the Ohio Constitution**, enumerating our Bill of Rights, provides among other things as follows:

"In any trial, in any court, the party accused shall be allowed to

appear and defend in person and with counsel; * * * to meet the witnesses face to face, * * *."

It is important that the traffic in intoxicating liquors be strictly regulated; yet we must not forget that we are not living in a Police State, but under a constitutional form of government, including a Bill of Rights, sacred to all of us. It is very dangerous to ignore those rights in any legal forum.

The evidence produced, upon a consideration of the entire record, does not warrant a finding by this court that the order of the Board is supported by reliable, probative and substantial evidence and is in accordance with law; and, therefore, the order of the Board is reversed and the appeal affirmed. Entry accordingly with exceptions by counsel for the Board.